**STATE of Iowa, Appellee,**

v.

**Felipe Edgardo TOVAR, Appellant.**

No. 01–1558.

Supreme Court of Iowa.

Jan. 23, 2003.

Linda Del Gallo, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Darrel L. Mullins, Assistant Attorney General, J. Patrick White, Johnson County Attorney, and Victoria Dominguez, Assistant County Attorney, for appellee.

TERNUS, Justice.

The defendant, Felipe Tovar, challenges his conviction, after a bench trial, of third-offense operating while intoxicated (OWI). He claims his first OWI conviction should not have been used to enhance the penalty for his current conviction because his prior conviction resulted from an uncounseled guilty plea, and he had not made a valid waiver of his Sixth Amendment right to counsel at the guilty plea proceeding. The district court and the court of appeals rejected Tovar's argument.

Upon our review of the record and the parties' legal arguments, we conclude the defendant's waiver of his right to counsel was not a knowing and intelligent waiver and, therefore, his prior conviction should not have been used for enhancement purposes in the present criminal proceedings. Accordingly, we vacate the court of appeals decision and reverse the district court's judgment of conviction. The case is remanded for further proceedings consistent with this opinion.

I. *Background Proceedings.*

On December 14, 2000, Tovar was charged with OWI, third offense, a class D felony, and driving while license barred, an aggravated misdemeanor. *See* Iowa Code

§§ 321J.2, 312.561 (1999). The enhancement of the OWI charge to a third offense was based upon Tovar's two prior convictions for OWI.

Tovar pled not guilty to both of the current charges, and filed a motion to adjudicate law points asserting that his first OWI conviction could not be used to enhance the pending OWI charge. He argued his guilty plea in the prior proceeding had been uncounseled and there had not been a knowing and intelligent waiver of his right to an attorney. The district court ruled Tovar's waiver of counsel in the prior case was valid, and consequently denied Tovar's motion.

The present case proceeded to trial before the court and Tovar was found guilty of both charges. After sentencing, Tovar appealed his OWI conviction, alleging the district court erred in allowing his first OWI conviction to be used to enhance his current conviction. The court of appeals affirmed the district court's ruling on the defendant's motion to adjudicate law points, and this court granted further review.

II. *Issue on Appeal and Standard of Review.*

■ The parties agree that a prior conviction resulting from an uncounseled guilty plea for which there was an invalid waiver of counsel may not be used to enhance a subsequent offense where the prior conviction resulted in incarceration. *See Baldasar v. Illinois,* 446 U.S. 222, 226, 100 S.Ct. 1585, 1587, 64 L.Ed.2d 169, 173–74 (1980) (holding a "prior uncounseled misdemeanor conviction could not be used collaterally to impose an increased term of imprisonment"), *overruled in part by Nichols v. United States,* 511 U.S. 738, 749, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745, 755 (1994) (holding uncounseled convictions could enhance later offenses provided

no incarceration was imposed in the first prosecution); *State v. Cooper,* 343 N.W.2d 485, 486 (Iowa 1984) (holding, where defendant had not been advised of her right to counsel in two prior prosecutions for simple misdemeanor theft, the State was precluded from using the prior convictions to enhance a third charge of theft to an aggravated misdemeanor). There is also no disagreement that Tovar was not represented by an attorney when he pled guilty to his first OWI charge nor that he expressed the desire to waive his right to counsel at the guilty plea hearing. The dispute in this case centers on whether Tovar's waiver of his right to counsel at the time he pled guilty was valid under the Sixth Amendment.

■ Although our standard of review for constitutional issues is de novo, *see In re Detention of Williams,* 628 N.W.2d 447, 451 (Iowa 2001), there is no factual dispute in this case. The only issue for our determination is whether the district court correctly determined that the undisputed facts established the defendant had made a knowing and intelligent waiver of his right to counsel at the plea proceeding on his first OWI charge.

III. *Waiver of Right to Counsel in First OWI Prosecution: Undisputed Facts.*

In 1996, Tovar, a college student in Ames, was brought before the Story County district court to plead to a charge of OWI, first offense. At the time, the district court was receiving guilty pleas from several defendants collectively. The judge engaged the defendant in the following discussion. References to the defendant's right to counsel are emphasized.

The Court: We are on the record in the State of Iowa versus Felipe Tovar, Case No. 23989. This is the time and place set for arraignment on a trial informa-

tion charging the defendant with operating while intoxicated. Mr. Tovar appears without counsel and *I see, Mr. Tovar, that you waived application for a court appointed attorney. Did you want to represent yourself at today's hearing?*

Tovar: *Yes, sir.*

. . . .

The Court: And did you want me to read that information to you or did you want to waive the reading?

Tovar: Waive the reading.

The Court: And how do you wish to plead?

Tovar: Guilty.

. . . .

The Court: All right. Gentlemen, if you continue with this desire to plead guilty, there are certain rights that each one of you will be giving up and I now will explain those rights to you. First of all, if you enter a plea of not guilty, you would be entitled to a speedy and a public trial by jury. But, if you plead guilty, you give up your right to have a trial of any kind on your charge.

Do you understand that, Mr. [Tovar]?

Tovar: Yes, sir.

. . . .

The Court: *If you would enter a plea of not guilty, not only would you have a right to a trial, you would have a right to be represented by an attorney at that trial, including a court appointed attorney. That attorney could help you select a jury, question and cross-examine the State's witnesses, present evidence, if any, in your behalf, and make arguments to the judge and jury on your behalf. But, if you plead guilty, not only do you give up your right to a trial, you give up your right to be represented by an attorney at that trial.*

Do you understand that, Mr. [Tovar]?

Tovar: Yes, sir.

[The court then continued to review the other trial-related rights the defendants would be giving up by pleading guilty.]

The Court: Gentlemen, those are the rights that you will be giving up if you plead guilty. Knowing that, did you still want to plead guilty?

Mr. [Tovar]?

Tovar: Yes, sir.

(Emphasis added.)

After this colloquy, the judge determined whether there was a factual basis for Tovar's guilty plea. He explained to the defendant that there were two elements to his offense: (1) operating a motor vehicle (2) while he was intoxicated. The court then informed the defendant that intoxication could be shown by an alcohol level of .10 or above or by evidence that "the consumption of alcohol has affected your judgment or your reasoning or your faculties or it has caused you to lose control in any manner." Tovar admitted driving a car and, although he did not contest his blood alcohol test results of .194, he denied feeling any effects of the alcohol. The judge concluded there was a factual basis for Tovar's guilty plea and then accepted the plea.

At a later sentencing hearing, Tovar again appeared pro se. The only discussion of Tovar's right to counsel was the following exchange:

The Court: Mr. Tovar, I note that you are appearing here today without having an attorney present and you waived application for a court-appointed attorney. I am sorry. You applied, but it was denied due to the fact you are dependent upon your parents. Mr. Tovar, did you want to represent yourself at today's hearing or did you want to take some time to hire an attorney to represent you?

Tovar: No, I will represent myself.

The court then conducted essentially the same colloquy used at the guilty plea proceeding and pronounced sentence. Tovar's sentence included a brief stint in the county jail.

IV. *Did Tovar Validly Waive His Sixth Amendment Right to Counsel in His First OWI Prosecution?*

■ A. *General legal principles.* The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This protection extends to state prosecutions. *State v. Spencer,* 519 N.W.2d 357, 359 (Iowa 1994).

■ To provide a framework for our consideration of whether this right was accorded to the defendant in his first prosecution for OWI, we quote the observations of the United States Supreme Court on the importance of the right to counsel:

The "... right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with [a] crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defence, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him."

*Johnson v. Zerbst,* 304 U.S. 458, 463, 58 S.Ct. 1019, 1022, 82 L.Ed. 1461, 1466 (1938) (citation omitted). As this discussion illustrates, the right to counsel is not solely a trial-related right; a defendant is "entitled to the assistance of counsel at all critical stages of the proceedings." *State v. Hindman,* 441 N.W.2d 770, 772 (Iowa 1989); *accord Kirby v. Illinois,* 406 U.S. 682, 688–89, 92 S.Ct. 1877, 1881–82, 32 L.Ed.2d 411, 417 (1972).

■■ A decision to plead guilty is one of those critical stages. *See Von Moltke v. Gillies,* 332 U.S. 708, 721, 68 S.Ct. 316, 322, 92 L.Ed. 309, 319–20 (1948). Thus, a defendant has the right to an attorney when he enters a guilty plea unless there has been a valid waiver of that right. *Id.* at 720–21, 68 S.Ct. at 321–22, 92 L.Ed. at 319. The desirability of legal advice during plea proceedings exists for misdemeanor cases as well as felony cases: "Counsel is needed [in misdemeanor cases] so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin,* 407 U.S. 25, 33, 92 S.Ct. 2006, 2011, 32 L.Ed.2d 530, 536 (1972).

■ Although it is well established a defendant has a right to counsel at a guilty plea hearing on an offense that may result in incarceration, the requirements for a valid waiver of that right are subject to some dispute. At a fundamental level, it is clear that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756 (1970). What constitutes an adequate awareness of relevant circumstances and likely consequences necessarily depends on

the context within which the waiver occurs. *See State v. Cooley,* 608 N.W.2d 9, 15 (Iowa 2000) (stating the "trial court's inquiry may vary depending on the nature of the offense and the background of the accused"); *Hindman,* 441 N.W.2d at 772 ("The degree of inquiry which is required ... varies with the nature of the offense and the ability of the accused to understand the process.").

In *Patterson v. Illinois,* 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988), the United States Supreme Court, considering the level of inquiry required in postindictment questioning, reasoned:

> [W]e have taken a more pragmatic approach to the waiver question—asking what purposes a lawyer can serve at the particular stage of the proceedings in question, and what assistance he could provide to an accused at that stage—to determine the scope of the Sixth Amendment right to counsel, and the type of warnings and procedures that should be required before a waiver of that right will be recognized.
>
> At one end of the spectrum, we have concluded there is no Sixth Amendment right to counsel whatsoever at the post-indictment photographic display identification, because this procedure is not one at which the accused "require[s] aid in coping with legal problems or assistance in meeting his adversary." At the other extreme, recognizing the enormous importance and role that an attorney plays at a criminal trial, we have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial. In these extreme cases, and in other[s] that fall between these two poles, we have defined the scope of the right to counsel by a pragmatic assessment of the useful-

ness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel. *An accused's waiver of his right to counsel is "knowing" when he is made aware of these basic facts.*

487 U.S. at 298, 108 S.Ct. at 2397–98, 101 L.Ed.2d at 275–76 (citations omitted) (emphasis added). The Court stated that in determining whether a waiver of counsel is knowing and intelligent, "the key inquiry" is whether the accused was "made sufficiently aware of his right to have counsel present" at the proceeding *and* "the possible consequences of a decision to forgo the aid of counsel." *Id.* at 292–93, 108 S.Ct. at 2395, 101 L.Ed.2d at 272. Consistent with the directives of *Patterson,* our court has required at a minimum that the defendant be "admonished as to the usefulness of an attorney at [the] particular proceeding, and made cognizant of the danger of continuing without counsel." *Cooley,* 608 N.W.2d at 15; *accord State v. Martin,* 608 N.W.2d 445, 450 (Iowa 2000) (stating "[b]efore a trial court accepts the defendant's request to proceed pro se, the court must make the defendant 'aware of the dangers and disadvantages of self-representation' ").

B. *Parties' contentions.* Relying on our decision in *Cooley,* Tovar claims his prior waiver of counsel was not knowing and intelligent. He argues the district court failed to ensure the defendant understood "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof." *Cooley,* 608 N.W.2d at 15. Tovar also claims the court had a duty to admonish him as to the usefulness of having an attorney and to make him aware of the dangers of proceeding without counsel.

In contrast, the State claims the court was not required to engage the defendant in such a broad discussion "[g]iven the simplicity of the charge he faced and the proceeding in which he was representing himself." The State distinguishes cases in which such a colloquy has been found necessary, noting they involve defendants who have proceeded to trial. *See, e.g., Cooley,* 608 N.W.2d at 15; *Martin,* 608 N.W.2d at 450; *Hindman,* 441 N.W.2d at 772. The State argues that the present case is similar to the postindictment questioning addressed in *Patterson* where the Court concluded that *Miranda* warnings adequately imparted "the dangers and disadvantages of self-representation" to the accused so as to render his waiver of counsel at that stage of the proceedings "knowing and intelligent." *Patterson,* 487 U.S. at 299, 108 S.Ct. at 2398–99, 101 L.Ed.2d at 277. The State suggests the guilty plea colloquy required by Iowa Rule of Criminal Procedure 2.8(2)(*b* ) performed the same function here that the *Miranda* warnings served in *Patterson*. It cites two cases in support of this proposition: *Stano v. Dugger,* 921 F.2d 1125, 1149 (11th Cir.1991) and *State v. Cashman,* 491 N.W.2d 462, 463 (S.D.1992).

C. *Discussion.* Before we evaluate the arguments of the parties, we think it is important to briefly discuss the one prior case in which this court has considered the validity of a waiver of counsel in a guilty-plea setting. In *State v. Moe,* 379 N.W.2d 347 (Iowa 1985), the defendant claimed his current OWI conviction was improperly enhanced based on a prior OWI conviction that resulted from an uncounseled guilty plea. 379 N.W.2d at 348. The record from the defendant's first prosecution for OWI showed the only inquiry concerning the defendant's waiver of counsel was the following question: "Do you understand an attorney would be provided for you at public expense if you are indigent?" *Id.* at

349. Despite the defendant's affirmative response to this question, he contended in his second OWI prosecution that his waiver of counsel was invalid because he had not been advised that his right to counsel extended to the plea proceeding as well as to trial. *Id.* A divided court rejected this contention, relying on the defendant's admission in the second case that he was aware of his right to counsel during the prior prosecution. *Id.* at 350.

Unfortunately, our decision in *Moe* provides little guidance in the present case due to *Moe's* narrow focus on whether the defendant understood the scope of his right to counsel. The court appeared to presume that so long as the defendant was aware that he was entitled to counsel at the plea proceeding, his decision to forego that right constituted a knowing and intelligent waiver. *Moe* is also of limited value because subsequent to our decision in that case the United States Supreme Court rendered its decision in *Patterson,* making clear that a valid waiver requires more than a simple recognition that one has a right to counsel: the court must make the defendant aware of the "usefulness of counsel to the accused at the particular proceeding, and the dangers to the accused of proceeding without counsel." *Patterson,* 487 U.S. at 298, 108 S.Ct. at 2398, 101 L.Ed.2d at 276.

Finding no definitive Iowa case to resolve the dispute before us, we turn initially to the cases upon which the State relies: *Stano,* 921 F.2d at 1125, and *Cashman,* 491 N.W.2d at 462. In *Stano,* the Eleventh Circuit Court of Appeals distinguished between the inquiry required for acceptance of a guilty plea and that required for waiver of the right to counsel. 921 F.2d at 1148–49. In the course of its discussion, the court noted that a defendant who pleads guilty need not be admonished of the dangers of proceeding pro se

at trial as required by *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). This observation does not, however, answer the question we face here.

■ Clearly, under *Patterson*, a waiver-of-counsel inquiry must be tailored to the proceeding at which counsel is waived. Thus, because the dangers of proceeding pro se at a guilty plea proceeding will be different than the dangers of proceeding pro se at a jury trial, the inquiries made at these proceedings will also be different. To simply conclude, as the State suggests, that a *Faretta*-type inquiry is not required at a guilty plea hearing does not answer the ultimate question of what colloquy *is* required. That question was more directly addressed in the South Dakota case cited by the State.

In *Cashman*, the Supreme Court of South Dakota applied *Patterson* in considering the validity of a waiver of counsel at a guilty plea proceeding. 491 N.W.2d at 463–66. In that case, the defendant claimed his two prior convictions for driving under the influence (DUI) could not be used to enhance his current DUI conviction because the prior convictions resulted from uncounseled guilty pleas for which there had been no valid waivers of counsel. *Id.* at 462. In considering the inquiry needed to ensure that the defendant's waivers were knowing and intelligent, the court contrasted a guilty plea proceeding with the postindictment questioning at issue in *Patterson* :

> The full dangers and disadvantages of self-representation in the entry of a guilty plea might not be as insubstantial as those involved in the post-indictment questioning at issue in *Patterson.* However, they are even more obvious to an accused fully advised of the charges, the elements of the offenses, his constitutional and statutory rights, the maxi-

mum possible penalties, and the fact that a plea of guilty would waive these rights.

*Id.* at 465. The court then reviewed the defendant's prior guilty plea proceedings and concluded valid waivers had occurred:

> During the course of both proceedings, Cashman was advised of his right to counsel and to court appointed counsel if he was indigent. In both proceedings, Cashman indicated his understanding of his right to counsel. Thus, it is beyond dispute that Cashman was aware of his right to counsel. Also as in *Patterson*, it is obvious that Cashman had to know "what a lawyer could 'do for him' ..." during the entry of his plea, namely: advise him to plead not guilty. Clearly, by having been advised of the maximum possible penalties for his offenses, Cashman was aware of the "ultimate adverse consequence ..." he could suffer by entering an uncounseled guilty plea.

*Id.* at 465–66 (citations omitted). In essence, the court found the colloquies used to accept the defendant's guilty pleas were also adequate to render his waivers of counsel knowing and intelligent.

We find the *Cashman* court's analysis overly simplistic. To say that an attorney would merely advise a defendant to plead not guilty characterizes a lawyer's role as one-dimensional when in fact it is multifaceted. A lawyer will know what defenses might be available to the crime charged. A lawyer will also know what questions to ask to determine whether such defenses might be factually viable.

The State minimizes the need for an attorney at an *OWI* guilty plea proceeding, however, based on "the simplicity of the charge." We are not persuaded. Although a layperson can readily understand what it means to drive while intoxicated, he or she will most likely be unaware of

the prerequisites for invoking implied consent and the other statutory and constitutional restrictions on police action that might provide a basis for suppression of the evidence of intoxication, which is usually the only meaningful defense available. The United States Supreme Court aptly stated the importance of counsel at this critical stage:

A waiver of the constitutional right to the assistance of counsel is of no less moment to an accused who must decide whether to plead guilty than to an accused who stands trial. Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered. Determining whether an accused is guilty or innocent of the charges in a complex legal indictment is seldom a simple and easy task for a layman even though acutely intelligent.

*Von Moltke,* 332 U.S. at 721, 68 S.Ct. at 322, 92 L.Ed. at 319–20 (citation omitted).

Given these considerations, we think the colloquy undertaken by the court in Tovar's first OWI prosecution was inadequate. We note initially that the discussion between Tovar and the court with respect to the usefulness of counsel at trial did not suffice to advise Tovar of the value of counsel at the plea stage. *See Patterson,* 487 U.S. at 298, 108 S.Ct. at 2398, 101 L.Ed.2d at 276 (stating the court must make the defendant aware of the "usefulness of counsel to the accused *at the particular proceeding*" (emphasis added)). Not only was there an absence of any dialogue concerning the value of having an attorney when pleading guilty, there was no colloquy with Tovar that alerted him to the dangers and disadvantages of entering a guilty plea without the advice of counsel. Importantly, the court did not warn Tovar

that he might have legal defenses to the charge that he, as a layperson, would not recognize. As one court has noted,

"Substantive criminal law contains many complexities—intent standards, jurisdictional provisions, defenses, and so forth. The defendant may be 'guilty' in a layman's sense, and so be willing to confess, and yet may have a viable defense that he ought to invoke, or may be pleading guilty to the wrong grade of crime."

*United States v. Akins,* 276 F.3d 1141, 1148 (9th Cir.2002) (citation omitted).

Under circumstances similar to those presented in the case before us, the Ninth Circuit Court of Appeals held in *Akins* that a waiver of counsel at a guilty plea hearing on a misdemeanor charge was not valid where the defendant had not been admonished of the dangers of self-representation. *Id.* We agree with that court's analysis:

The purpose of the constitutional right to counsel "is to protect an accused from conviction resulting from his own ignorance of his legal and constitutional rights." Nowhere is counsel more important than at a plea proceeding. "[A]n intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney."

*Id.* at 1147 (citations omitted). The court also rejected an argument that the courts would be overburdened if judges were required to warn a defendant of the disadvantages of proceeding without counsel:

Because a defendant must already appear before the court to enter a guilty plea, a brief exchange regarding the waiver of counsel should not significantly increase the burden on the courts.... It is the duty of the courts to safeguard the fundamental right to liberty by ensuring that a defendant's waiver of the

right to counsel is knowing and intelligent.

*Id.* at 1148–49.

### V. *Summary and Disposition.*

 In summary, a defendant such as Tovar who chooses to plead guilty without the assistance of an attorney must be advised of the usefulness of an attorney and the dangers of self-representation in order to make a knowing and intelligent waiver of his right to counsel. In fulfilling this requirement in a case such as the one before us, the court is not expected to assume the role of an attorney, discussing with the defendant the various defenses that might be available. Rather, the trial judge need only advise the defendant generally that there are defenses to criminal charges that may not be known by laypersons and that the danger in waiving the assistance of counsel in deciding whether to plead guilty is the risk that a viable defense will be overlooked. The defendant should be admonished that by waiving his right to an attorney he will lose the opportunity to obtain an independent opinion on whether, under the facts and applicable law, it is wise to plead guilty. In addition, the court must ensure the defendant understands the nature of the charges against him and the range of allowable punishments. Only with this information can the defendant make an informed and intelligent decision whether to forgo the assistance of counsel given the risks and possible outcomes.

Here, the State's only proof of the knowing and intelligent nature of Tovar's waiver of counsel in his first OWI prosecution is the court's plea colloquy with the defendant. Because the district court did not engage Tovar in any meaningful discussion concerning his waiver of counsel at the plea proceeding, we cannot conclude that Tovar understood the usefulness of counsel at that stage or knew the dangers and disadvantages of proceeding pro se. As a result, the record does not support a finding that Tovar's waiver of counsel was made knowingly and intelligently. Therefore, it was error for the district court to allow the State to use Tovar's prior conviction of first-offense OWI to enhance the current charge to a third-offense OWI.

We vacate the court of appeals decision affirming the defendant's conviction. We also reverse the district court's judgment of conviction and remand for entry of judgment without consideration of the defendant's prior OWI conviction based on his uncounseled guilty plea.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED AND CASE REMANDED.**

All justices concur except CARTER, J. who dissents. NEUMAN and STREIT, JJ. join the dissent.

CARTER, Justice (dissenting).

I respectfully dissent.

The result reached in the opinion of the court is an extreme measure that unnecessarily depreciates the consequences of a criminal conviction based on defendant's solemn confession of guilt in open court. At the time of his guilty plea, defendant was fully advised of his right to counsel and elected to forego being represented. Defendant's earlier OWI conviction is still on his record and will remain that way because the statute of limitations for seeking postconviction relief has now run. To permit a collateral attack on the earlier conviction in the present litigation should only be permitted on a convincing showing that defendant was not guilty with regard to the first OWI conviction or that some compelling federal authority requires that it be disregarded for sentencing enhance-

ment purposes. Neither of these circumstances exists in the present case.

The opinion of the court correctly suggests that a pragmatic approach should be taken in determining whether a waiver of right to counsel is knowingly and voluntarily made. That is the teaching of *Patterson v. Illinois,* 487 U.S. 285, 298, 108 S.Ct. 2389, 2397–98, 101 L.Ed.2d 261, 275–76 (1988). But, the standard that the majority of this court applies is not pragmatic in any sense. It is a rigid standard which requires that the party seeking to waive counsel must, in all instances, be expressly advised of the dangers that exist in proceeding without counsel.

Prior to the Court's decision in *Patterson,* we approached the problem of determining whether a waiver of counsel was knowing and voluntary solely on the basis of whether the accused had been properly advised of the right to counsel. *State v. Moe,* 379 N.W.2d 347, 348 (Iowa 1985). The *Patterson* case has injected another consideration, which is whether the accused is aware of the consequences of proceeding without counsel. However, nothing in *Patterson* suggests that a waiver of counsel is never voluntary unless an express admonition concerning the potential adverse effect of that decision is given the accused. Quite the contrary is true. *Patterson* recognized that the accused's knowledge of the consequences of proceeding without counsel could be inferred from his having been given *Miranda* warnings. *Patterson,* 487 U.S. at 293–94, 108 S.Ct. at 2395–96, 101 L.Ed.2d at 272–73.

In the present case, the State argues persuasively that Tovar was sufficiently made aware of the adverse consequences that might befall him from the district court's guilty-plea admonition. In addition to advising Tovar concerning his waiver of the constitutional rights described in the opinion of the court, he was also advised concerning both the maximum and mandatory minimum sentences that would befall him upon a plea of guilty. He was therefore made fully aware of the penal consequences that might befall him if he went forward without counsel and pleaded guilty.

It is true that there are other adverse consequences that might arise from proceeding without counsel. A search for these consequences leads the court into speculation concerning unidentified potential defenses that an able lawyer might have advanced. I submit that it is not reasonable to ignore the consequences of a voluntary guilty plea based on that type of speculation. As the Supreme Court observed in *Patterson:*

If petitioner [after having been advised of his right to counsel in a *Miranda* warning] nonetheless lacked "a full and complete appreciation of all of the consequences flowing" from this waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum.

*Id.* (quoting *Oregon v. Elstad,* 470 U.S. 298, 316–17, 105 S.Ct. 1285, 1296–97, 84 L.Ed.2d 222, 236–37 (1985)). The showing of the State in *Patterson* did not include evidence that an express admonition of the dangers that existed in proceeding without counsel had been given the accused. Nevertheless, the Court found that the waiver was knowingly and voluntarily made. I would reach the same result in the present case. I would affirm the judgment of the district court.

NEUMAN and STREIT, JJ., join this dissent.