# IN THE COURT OF APPEALS OF IOWA

No. 19-1718
Filed October 21, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CURTIS EDWARD HAWKINS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, James B. Malloy, District Associate Judge.

        Defendant appeals from his conviction and sentence for operating while intoxicated, third offense. **AFFIRMED.**

        Daniel J. Rothman and Nicholas A. Carda of McEnroe, Gotsdiner, Brewer, Steinbach and Rothman P.C., West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

We are asked to travel back to 2007 to answer the question presented here. Without the benefit of legal counsel, Curtis Hawkins pled guilty to operating while intoxicated (OWI), first offense. When asked if he wanted to proceed without counsel, Hawkins answered, "Yes, I do." Hawkins pled guilty again in 2016 to a second offense OWI. After being charged with a third OWI, Hawkins learned the previous convictions for OWI served as grounds for enhanced punishment.

On appeal, he challenges the use of his first, uncounseled conviction for OWI as an enhancement in this case. We agree with the State that Hawkins failed to show his prior waiver of counsel was not made competently, knowingly, and intelligently. For the reasons set out below, we affirm the trial court's ruling.

**Facts and Proceedings.**

On April 9, 2019, Hawkins was charged with OWI, third offense. His first OWI charge was resolved by an uncounseled guilty plea on September 4, 2007. Because Hawkins had sufficient income to hire his own counsel, he was not offered legal counsel at the State's expense. Still, he chose to forgo counsel in the OWI, first offense matter. At the 2007 plea hearing, the court addressed the waiver of an attorney with the thirty-three year old college-educated Hawkins:

> THE COURT: All right. And, Mr. Hawkins, I'll ask you the same question. You're charged also with operating while intoxicated, section 321J.2 of the Iowa Code. I see that you made an initial appearance on August 14th. At that time you were informed of your right to have court-appointed attorney and the judge that saw you indicated that you had sufficient income to hire your own attorney. Has anything changed about your financial circumstances since then, Mr. Hawkins?
> HAWKINS: No, Your Honor, it has not.
> THE COURT: Do you wish to proceed today without an attorney then?

HAWKINS: Yes, I do.

Later in the plea proceeding the trial court again addressed the right to counsel, stating:

> You do have to answer out loud so she can get your response. Then at this point, I would like to tell you of the rights that you would be giving up if you should decide to plead guilty here today and, as I said, basically you have the right to a trial and each of you would have the right to have an attorney with you at that trial if you chose to have one. You wouldn't have to have one, but you could choose to have one and if you couldn't afford one, we could appoint one for you.

Hawkins proceeded to plead guilty after indicating he understood he was giving up his rights. He was sentenced to two days in jail, a fine, and surcharges. Unfortunately, this was not the end of Hawkins legal troubles. In 2016, he was charged with OWI, second offense. With the help of legal counsel in the second 2016 OWI case, Hawkins again pled guilty.

Now, after being charged with a third OWI and realizing that his criminal history complicates the current case, Hawkins filed a motion to adjudicate law points. In that motion, he argued his first conviction for OWI could not be used to enhance his current charge because he pled guilty without the benefit of counsel and was not advised of the dangers of self-representation. The trial court denied the motion. After a trial on the minutes, Hawkins was found guilty and sentenced to an indeterminate term not to exceed five years in prison, all suspended but for thirty days, less time served, and placed on probation for not less than two but no more than five years. Hawkins was also required to pay a fine, court costs, and surcharges. Hawkins appeals the conviction and sentence.

**Preservation of Error and Standard of Review.**

The State asserts that Hawkins failed to preserve error on his claim that the holding of *State v. Tovar*[1] should be adopted under article I, section 10 of the Iowa Constitution. The State claims that Hawkins never made that argument below. Yet we find in the record below that Hawkins preserved this argument.[2] Hawkins's basic argument at trial was that Iowa cases following the *Tovar* analysis should require the trial court to "make the defendant aware of the dangers and disadvantages of self-representation so that the record will establish that he knows

---

[1] *Iowa v. Tovar*, 541 U.S. 77, 78–79 (2004) overruled *State v. Tovar*, 656 N.W.2d 112, 121 (Iowa 2003). In *State v. Tovar*, our supreme court found that the defendant's guilty plea was constitutionally inadequate (under the federal constitution) because waiver of a right to an attorney was not knowing and intelligent. 656 N.W.2d at 121. Our supreme court ruled that a defendant must be advised specifically that waiving counsel's assistance "in deciding whether to plead guilty" (1) entails "the risk that a viable defense will be overlooked" and (2) deprives them of "the opportunity to obtain an independent opinion on whether, under the facts and applicable law, it is wise to plead guilty." *Id.* The United States Supreme Court held

> neither warning is mandated by the Sixth Amendment. The constitutional requirement is satisfied when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of a guilty plea.

*Tovar*, 541 U.S. at 81.

[2] Hawkins argued:

> The most likely language and what we believe would be the most appropriate language is still the *Tovar—State vs. Tovar* case language; but even if this court believes that, well, we've got a clear U.S. Supreme Court case that says that's not part of the federal constitution, and *according to the State in this case no Iowa case that says it should be part of the Iowa constitution—which after reading* [*State v. Hannan*, 732 N.W.2d 45 (Iowa 2007)] *we respectfully disagree*—we still believe that *Hannan* sets out a clear statement on page fifty-three that a sufficient colloquy for waiving an attorney at least references in some way possible defenses to a charge and circumstances in mitigation.

(Emphasis added.)

what he is doing and his choice is made with eyes open." Hawkins continued with arguments referencing the Iowa Constitution, and the trial court noted

> Now, I believe the *Tovar* case sets a lower standard than obviously Justice [Ternus] raised in the initial *Tovar* decision by the Iowa Supreme Court. Our Iowa Supreme Court has also shown that it is not bound just by the U.S. Constitution in protecting an individual's rights, *that they will proceed under the Iowa Constitution which has been alleged here also*; but at this stage I will find that the State can use that, so I'll deny your request.

(Emphasis added.)

So, we address the waiver issue under both the United States and Iowa Constitutions. *State v. Bynum*, 937 N.W.2d 319, 324 (Iowa 2020) (finding an argument, even one implicating constitutional rights, is preserved when it is raised and decided by the trial court).

Generally, we review constitutional claims de novo. *State v. Majeres*, 722 N.W.2d 179, 181 (Iowa 2006). But, as is the case here, where there is no factual dispute and the only issue is whether a court may constitutionally use a prior uncounseled misdemeanor conviction to enhance a subsequent crime, our review is for the correction of errors at law. *Id.*

**Analysis.**

Hawkins waived counsel for his 2007 guilty plea proceeding. Under both the United States Constitution and the Iowa Constitution, at critical stages of the criminal process an accused has the right to counsel. *Id.* at 182. And a plea proceeding is a critical part of the process. *Id.* But a defendant may waive the right to counsel. *Id.* With this focus here on Hawkins's uncounseled conviction, he had the burden to show that his waiver of counsel was not knowingly and intelligently made with sufficient awareness of relevant circumstances. *Id.* at 182;

*see also State v. Taylor*, No. 10-1555, 2011 WL 3689010, at *2 (Iowa Ct. App. Aug. 24, 2011) (clarifying that the burden of proof depends on whether there is a direct challenge to a conviction, in which case the State has the burden, or if it involves an attack on an uncounseled conviction, then the defendant has the burden to show involuntary waiver). Still when waiver of counsel is at the plea stage of proceedings, as opposed to the trial stage, the defendant "requires less rigorous warnings as to the waiver of plea counsel." *Majeres*, 722 N.W.2d at 182.

To put it simply, Hawkins argues the colloquy required at the time of his 2007 plea had to include notice that a plea to OWI might be used as an enhancement for future convictions and he should have been told that an attorney would be able to "see things you could not see as a layperson." While Hawkins urged that *Hannan* controls and requires the court to both admonish a defendant as to the usefulness of an attorney and address the dangers of continuing without counsel, that case involved a defendant representing himself pro se at the trial stage. *See* 732 N.W.2d at 52–53. We find that at the plea stage, *Majeres* is applicable rather than *Hannan.*

Majeres also faced a third-offense OWI charge. *Majeres*, 722 N.W.2d at 181. In the first-offense case she pled guilty with the guidance of legal counsel. *Id.* But, by written guilty plea, Majeres pled guilty to an OWI, second offense, without the benefit of an attorney. *Id.* Her written plea "acknowledged the charge against her as OWI, second offense; her right to counsel; her right to plead not guilty; the attendant rights of trial; the maximum and minimum sentences; and that her plea was being made intelligently and voluntarily." *Id.* When faced with an enhanced punishment for her third-offense OWI, Majeres argued that the

uncounseled OWI, second offense, could not be used to enhance the charge to OWI, third offense. *Id.* Disagreeing with her position, the court in *Majeres* found

> Majeres failed to meet her burden of proving she did not voluntarily, knowingly, and intelligently waive her right to counsel in the Sioux County proceeding. In the present case, Majeres testified she did not have the money for an attorney and decided not to apply for court-appointed counsel in the Sioux County proceeding. When questioned why she did not apply for court-appointed counsel, she responded, "I didn't feel I wanted one or needed one." Prior to entering her plea of guilty in that case, Majeres obtained a copy of the police report and reviewed it. She acknowledged there was nothing in the police report that led her to believe she wanted to speak to an attorney prior to entering her guilty plea. She further testified she was comfortable in proceeding on her own without an attorney.

*Id.* at 183. Even though the supreme court analyzed the waiver issue under the United States Constitution instead of our state constitution, it was noted that the Iowa Constitution was in line with the United State Constitution regarding the use of uncounseled misdemeanor convictions. *Id.* at 182 ("Iowa's right-to-counsel guarantee affords no greater protection than the federal constitution regarding the use of prior uncounseled misdemeanor convictions . . . ."). When the trial court informs the defendant of the nature of the charges against that person, of their right to be counseled regarding their plea and about the range of allowable punishments the Sixth Amendment is satisfied. *Id.* Majeres received those protections in her written plea agreement. And Hawkins received those same protections at his 2007 plea proceeding. Because the written plea agreement, which does not require informing the defendant of the dangers and disadvantages inherent in self-representation is acceptable, the open courtroom colloquy involving Hawkins is also acceptable.

Based on the reasoning above, we find Hawkins's 2007 plea proceeding met the requirements of the Sixth Amendment to the United States Constitution and article I, section 10 of the Iowa Constitution. Thus, the prior uncounseled plea to a misdemeanor that resulted in incarceration may be used to enhance the offense in this present criminal proceeding.

**Conclusion.**

We affirm the trial court ruling.

**AFFIRMED.**