**STATE of Iowa, Appellee,**

v.

**Allan Wayne HINDMAN, Appellant.**

No. 88–350.

Supreme Court of Iowa.

June 14, 1989.

William L. Wegman, Public Defender, and Barbara M. Anderson, Asst. Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., and A. Zane Blessum, Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

CARTER, Justice.

Defendant, Allan Wayne Hindman, was convicted of operating a motor vehicle while under the influence of alcohol (second offense) in violation of Iowa Code section 321J.2(1)(a), (b) (1987). He has appealed. His contentions on appeal are: (1) that he did not knowingly and intelligently waive his right to counsel under the sixth amendment to the federal constitution; and (2) that, in any event, the district court should have appointed counsel to represent him pursuant to Iowa Code section 815.10(2) (1987). Defendant further contends that the district court erred in its sentencing order by requiring, as a condition of probation, that he complete a treatment program for alcohol abusers. Because we find no merit in any of these contentions, we affirm the judgment of the district court.

Defendant was arrested on the charge for which he was convicted on September 19, 1987. In an initial appearance before a

magistrate on September 21, 1987, defendant was advised, pursuant to Iowa Rule of Criminal Procedure 2(2), of his right to retain counsel of his choice or, if indigent, to court-appointed counsel.

Trial information was filed on September 28, 1987. At defendant's arraignment on October 12, 1987, he appeared without counsel and entered a plea of not guilty. At that hearing, the following colloquy transpired:

THE COURT: Mr. Hindman, are you represented by an attorney in this matter?

THE DEFENDANT: No, sir.

THE COURT: Do you wish to be represented by an attorney in this matter?

THE DEFENDANT: No, sir.

The order entered concerning this arraignment recited that defendant had waived his right to representation by counsel.

Defendant's trial was scheduled for December 8, 1987. On November 23, 1987, a pretrial conference was held. At the time of that conference, defendant again appeared without counsel, and the following colloquy transpired:

THE COURT: Do you want an attorney to represent you?

MR. HINDMAN: Not really. I don't think nobody can represent me any better than myself.

THE COURT: You understand you have a right to have an attorney and if you wanted an attorney and couldn't afford to hire your own the Court would appoint an attorney for you?

MR. HINDMAN: I did check that out and I wasn't really qualified to have a court-appointed attorney but I recognize I still can't afford one.

THE COURT: They found that you could afford one actually.

MR. HINDMAN: They thought that I could, but really I can't without having to sell something, see?

THE COURT: Well, you want to understand that most people when they come on a criminal charge it becomes a financial drain to them, and apparently they found that you did have some assets so that you could afford to pay your own attorney.

MR. HINDMAN: But I don't want to have to sell my stuff to do that.

THE COURT: So you want to proceed on your own?

MR. HINDMAN: I guess I'm just going to have to take that chance.

. . . .

THE COURT: The Court would recommend that you get an attorney. I think you will be well-advised to have an attorney at your trial, but if you choose not to have one I can't force you to have one.

MR. HINDMAN: It's all a pretty clear kind of deal here, and I think an attorney would just be an added expense.

At defendant's jury trial on December 8, 1987, he represented himself, cross-examined witnesses, testified personally, and required the State to offer proof of his prior conviction. He was found guilty by the jury of the offense charged. Defendant was sentenced to pay a fine of $750, to serve forty-eight hours in jail, and to be placed on probation. As a condition of probation, he was required to successfully complete an alcohol abuse treatment program.

I. *Defendant's Right–to–Counsel Issues.*

In an effort to seek reversal of his conviction, defendant asserts both constitutional and statutory arguments based on a claimed denial of counsel. In making these contentions, defendant concedes that he was not entitled to court-appointed counsel on the basis of indigency. He also concedes that he indicated on at least two occasions that he did not wish representation by an attorney. Notwithstanding these concessions, defendant contends that the record fails to reflect a knowing and intelligent waiver of counsel sufficient to satisfy the requirements of the sixth amendment to the federal constitution. He also contends the district court erred in failing to invoke the requirements for appointing counsel contained in Iowa Code section 815.10(2).

A. *Defendant's sixth amendment argument.* In considering defendant's sixth amendment argument, we will assume without deciding that this constitutional right has been triggered notwithstanding the relatively brief period of imprisonment which was imposed.[1] Moreover, we accept as a well-established proposition that the right to counsel must be waived by nonindigent defendants as well as by indigent defendants.

■ The degree of inquiry which is required in order to assure a valid waiver of the sixth amendment right to counsel varies with the nature of the offense and the ability of the accused to understand the process. Where the offense is readily understood by laypersons and the penalty is not unduly severe, the duty of inquiry which is imposed upon the court is only that which is required to assure an awareness of right to counsel and a willingness to proceed without counsel in the face of such awareness. *See, e.g., Williams v. State,* 616 P.2d 881, 883 (Alaska 1980) (inquiry sufficient in indictable misdemeanor OWI offense which directed accused's attention to right to counsel and inquired concerning willingness to proceed without counsel).

■ Under this criteria, which we believe to be sound, the district court's obligation to this nonindigent defendant was to advise him that he was entitled to the assistance of counsel at all critical stages of the proceedings, to admonish him concerning the disadvantages of proceeding without counsel, and otherwise to act so as not to interfere with defendant's freedom to obtain counsel. We believe that the district court performed all of these requirements and in so doing satisfied the mandate of the sixth amendment as it pertains to non-

indigent defendants. As two leading commentators have suggested:

> [T]he Sixth Amendment can be viewed as recognizing a defense interest that extends beyond the need for counsel to assure fair adjudication. The rejection of the English common law rule restricting [retained] representation in felony cases may have reflected, in part, a belief that the state should leave the defendant free to use his resources to select that mode of representation (either by counsel or pro se) that he deems best.

2 W. LaFave & J. Israel, *Criminal Procedure* § 11.1, at 8 (1984). We conclude that no violation of the sixth amendment has been demonstrated in the present case.

■ B. *The district court's obligation to appoint counsel under section 815.-10(2).* We next consider defendant's contention that the district court was required by statute to appoint counsel to represent defendant at trial. Such claim is based on the language of Iowa Code section 815.-10(2), which provides:

> If a court finds that a person desires legal assistance and is not indigent, but refuses to employ an attorney, the court shall appoint a public defender or another attorney to represent the person at public expense. If an attorney other than a public defender is appointed, the fee paid to the attorney shall be taxed as a court cost against the person.

We conclude defendant has established no basis for requiring the district court to invoke this statute sua sponte. Under the statutory language, the obligation to appoint counsel is conditioned upon a finding that the accused person desires legal assistance. Such desire was not sufficiently communicated in the present case to support the claimed denial of rights under section 815.10(2). Indeed, those communi-

---

1. The applicability of the sixth amendment in the present case may turn on the "actual imprisonment" standard recognized in *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Although the defendant in *Scott* was sentenced only to pay a fine, some courts have viewed this ruling as not requiring the appointment of counsel where a misdemeanor defendant is sentenced to probation. *See, e.g., People v. Lynn,* 102 Ill.2d 267, 80 Ill.Dec. 48, 464 N.E.2d

1031 (1984). In the present case, there *was* a brief period of imprisonment imposed. Although this period was shorter than the period of time specified in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), as necessary to invoke sixth amendment rights, *Scott* may have replaced the *Argersinger* standard with an "any actual imprisonment" standard.

cations which were made to the court were in contravention of the requisite desire to invoke an appointment of counsel under that statute. Defendant has shown no basis for disturbing his conviction on either his constitutional or statutory claims concerning right to counsel.

## II. *Validity of Condition of Probation Mandating Treatment for Alcohol Abuse.*

■ Finally, we consider defendant's contention that the district court's sentencing order was improper to the extent it mandated, as a condition of probation, that defendant complete a treatment program for alcohol abusers. The record reflects that this sentencing option had been recommended in the presentence investigation. Notwithstanding that circumstance, defendant asserts that this treatment requirement was improperly imposed because it was based on speculation by the sentencing judge that defendant had driven under the influence of alcohol on occasions other than the two for which he has been convicted.

Reference to other possible incidents of driving under the influence surfaced at the sentencing proceeding only by way of the judge's explanation to defendant concerning why it was to defendant's advantage to successfully complete the alcohol abuse program. This subject was not utilized by the court as the reason for subjecting defendant to the treatment program. As we have indicated, other valid reasons appear in the record for imposing that sentencing option. Under Iowa Code section 907.6, sentencing judges have broad powers to impose conditions of probation reasonably designed to regulate or alter criminal behavior.

We have considered all arguments presented and find no basis for reversing the judgment or the sentence.

AFFIRMED.