Kevin H. KULA, Plaintiff,

v.

**IOWA DISTRICT COURT FOR LINN COUNTY, Defendant.**

No. 89–1801.

Court of Appeals of Iowa.

Sept. 26, 1990.

Susan K. Seiler and Sharon M. McMulin, Legal Services Corp. of Iowa, Cedar Rapids, for plaintiff.

Mitchell E. Turner of Fisher, Ehrhart, McCright & Turner, Cedar Rapids, for defendant.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

PER CURIAM.

Susan and Kevin Kula's marriage was dissolved by decree in 1986. The parties were granted joint legal custody of their child with primary care in Susan. The court ordered Kevin to pay child support of $50 per week.

The decree was modified in 1988, increasing the child support to $75 per week. At the time of the modification Kevin was employed at Hill & Williams. Approximately one month after the modification, Kevin quit his job and started his own trucking operation.

From the date of the modification until the contempt hearing, Kevin had paid child support of $50 in 1988 and $180 in 1989. During this same time period, Kevin was involved in numerous financial transactions, including the transfer of all his major assets to his current wife or to his corporation.

In June 1989 Susan filed an application for order to show cause. Following a hearing, the district court found Kevin: 1) was not indigent under Iowa Code § 815.9; 2) was not entitled to appointment of counsel; 3) had requested to proceed pro se; and 4) was flagrantly in violation of the decree. The court sentenced Kevin to thirty days in jail.

Kevin has been granted certiorari to challenge the district court's order. He contends the district court erred by: 1) failing to advise him of his right to counsel; 2) failing to make a determination of indigency; 3) finding contempt when it was not proven beyond a reasonable doubt; and 4) imposing an excessive punishment. Our review in this case is confined to errors at law. Iowa R.App.P. 4. We are bound by the trial courts findings of fact if supported by substantial evidence. Iowa R.App.P. 14(f)(1). As we find the issue of Kevin's right to counsel to be determinative of this case, we do not reach the other issues.

■ Under the Iowa Supreme Court's ruling in *McNabb v. Osmundson,* an indigent defendant in a contempt proceeding for failure to pay child support is entitled to court-appointed counsel if there is a possibility incarceration may result. *McNabb v. Osmundson,* 315 N.W.2d 9, 14 (Iowa 1982). That case, citing *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), puts the requisite time for the determination of indigency and notification of the indigent's right to court appointed counsel *to be before the proceeding which may result in incarceration. Id.* at 12.

Nothing in the record indicates the trial court followed the required procedure in the present case. The appellee cites a more recent Iowa Supreme Court case for the proposition the court is not required to appoint an attorney for a non-indigent person sua sponte, especially where, as here, the respondent wishes to proceed pro se. *State v. Hindman,* 441 N.W.2d 770 (Iowa 1989).

We find that case distinguishable. The record in *Hindman* clearly indicates the trial court advised the defendant of his right to counsel, and his right to court-appointed counsel if he could not afford one. *Id.* at 771. The court made the further determination from relevant information the defendant in the *Hindman* case was not indigent. *Id.* The defendant remained insistent on his desire to represent himself despite the court's advice and admonition to retain counsel. *Id.* at 771–72.

■ In the present case nothing appears on the record the trial court ever advised Kevin of his right to counsel or of his right to court-appointed counsel if he was indigent. No finding appears to have been made *before the start of the contempt hearing* to determine if Kevin was indigent. The posthearing finding of non-indigency does not satisfy the requirements of *McNabb. See McNabb,* 315 N.W.2d at 12.

■ We make no determination on other portions of the trial court's ruling, as we find this issue dispositive. However, we note Kevin may be required to serve up to 30 days in jail for *each* separate incident of contempt. Iowa Code § 598.23(1). Each failure to pay the $75 per week could be a separate offense. *McNabb,* 315 N.W.2d at 11. Thus, Kevin could be subject to 30 days incarceration for *each week he has failed to pay.* Additionally, this contempt is not necessarily purged by payment prior to incarceration, unless the trial court so provides in its order. *Id.* at 15. Kevin could be required to serve the full contempt sentence despite his payment following a properly conducted contempt procedure.

The writ of certiorari is sustained. Kevin's sentence for contempt is vacated. Kevin may not be imprisoned for contempt unless procedures in accord with *McNabb* and this opinion are followed.

WRIT SUSTAINED.