**STATE of Iowa, Appellee,**

v.

**Byron D. WIESE, Appellant.**

No. 97–545.

Court of Appeals of Iowa.

Sept. 30, 1998.

Linda Del Gallo, State Appellate Defender, and Tricia A. Johnston, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, and Brent D. Heeren, County Attorney, for appellee.

Heard by CADY, C.J., and STREIT and VOGEL, JJ.

VOGEL, Judge.

Byron Wiese appeals his conviction for operating while intoxicated, second offense, arguing that the court failed to obtain a knowing, intelligent, and voluntary waiver of his right to counsel. As we find a lack of inquiry by the court of the dangers of self-representation, we reverse and remand for a new trial.

*Background facts.* On October 13, 1996, a Tama police officer observed a truck driving erratically and crossing over the center line. The driver, Wiese, resisted the officer's attempts to pull him over and ultimately stopped when he pulled into the driveway of his home. The officer administered field sobriety tests which Wiese failed. Wiese was arrested and subsequently charged with operating while intoxicated, second offense.

At arraignment, the following exchange occurred between the court and Wiese:

COURT: ... And do you have an attorney?

WIESE: No, I don't, Your Honor.

COURT: Are you going to be contacting an attorney?

WIESE: No, I don't think so, Your Honor.

COURT: Are you going to be seeking a court-appointed attorney?

WIESE: No.

COURT: Very well. You understand if you represent yourself you have to follow the procedure and matters of that nature? I frankly don't think it's wise not to have an attorney, but that's, I guess, your decision....

Wiese went on to represent himself at a hearing on a motion to dismiss and at a jury trial. Wiese was convicted of the offense and appeals.

*Scope of review.* As constitutional issues are involved, our review of this matter is de novo. *State v. Spencer*, 519 N.W.2d 357, 359 (Iowa 1994).

**I. Trial courts inquiry/right to counsel.** Wiese asserts the trial court failed to inquire as to whether his waiver of representation was knowing, intelligent, and voluntary, and further asserts that the court failed to advise him of the dangers of self-representation.

A criminal defendant has a Sixth and Fourteenth Amendment right under the United States Constitution to self-representation. *Faretta v. California*, 422 U.S. 806, 819, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562, 572 (1975); *State v. Rater*, 568 N.W.2d 655, 657 (Iowa 1997). Before the right attaches, the defendant must voluntarily elect to proceed without counsel by "knowingly and intelligently" waiving his right to counsel. *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582. The defendant's request to proceed without counsel must be "clear and unequivocal." *Id.* Before a trial court accepts the request, the court must make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Id.* (quoting *Adams v. United States*, 317 U.S. 269, 279, 63 S.Ct. 236, 242, 87 L.Ed. 268 (1942)).

The State, relying on *State v. Hindman*, 441 N.W.2d 770, 772 (Iowa 1989), argues that the inquiry on record was sufficient given the nature of the offense and Wiese's familiarity with the charge and court procedure. In *Hindman*, the supreme court held that:

> The degree of inquiry which is required in order to assure a valid waiver of the sixth amendment right to counsel varies with the nature of the offense and the ability of the accused to understand the process. Where the offense is readily understood by laypersons and the penalty is not unduly severe, the duty of inquiry which is imposed upon the court is only that which is required to assure an awareness of right to counsel and a willingness to proceed without counsel in the face of such awareness.

*Hindman*, 441 N.W.2d at 772 (citation omitted). However, we note that Wiese was charged with second offense of operating while intoxicated, which carries a much more severe penalty than his earlier conviction of operating while intoxicated, first offense. Although he had been previously exposed to some courtroom procedures, we are not willing to state that this limited experience imparted to Wiese sufficient insight into the current charges to proceed without being adequately informed of the dangers of self-representation.

After arraignment, Wiese appeared before two other judges, one for pretrial motions and one for the jury trial. A meaningful Sixth Amendment colloquy should have occurred at either of these proceedings. Unfortunately, in neither instance were any inquiries made of Wiese on the record about self-representation. We find the brief exchange between the arraigning court and Wiese was insufficient to obtain a knowing and voluntary waiver of Wiese's right to counsel. Wiese was not advised of his right to counsel, nor was there sufficient inquiry into Wiese's awareness of the dangers of self-representation.

As we find that a valid waiver of Wiese's right to counsel did not occur, we reverse and remand for a new trial.

**REVERSED AND REMANDED FOR NEW TRIAL.**