**IN THE COURT OF APPEALS OF IOWA**

No. 15-2181
Filed December 21, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUDITH JAIMES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Thomas W. Mott,

District Associate Judge.


        Judith Jaimes appeals her conviction for operating while intoxicated.

**AFFIRMED.**


        Edward S. Fishman of Nelsen & Feitelson Law Group, P.L.C., West Des

Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.


Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Judith Jaimes appeals her conviction for operating while intoxicated (OWI) first offense, in violation of Iowa Code section 321J.2 (2015). On appeal, Jaimes raises four issues for our review: (1) whether the trial court violated her right to counsel by allowing her to represent herself without inquiring into her competency and whether the waiver of her right to counsel was knowing and voluntary; (2) whether Jaimes's standby and later trial counsel was ineffective; (3) whether the trial court violated her constitutional rights when it denied her request for a continuance; and (4) whether the trial court abused its discretion when it denied her request for a new trial. After careful review, we affirm the district court.

**I. Background Facts and Proceedings.**

On May 19, 2015, at approximately 12:15 a.m., Perry Police Officer Lourdes Clay witnessed a vehicle in Family Credit Union parking lot with flashing brake lights, looking "like it was kind of backing up and parking again." Officer Clay became suspicious because the area had recently experienced some break-ins, so she decided to run the vehicle's license plate.

According to Officer Clay, she heard the car's "engine . . . trying to turn over—the driver was trying to start the car." Officer Clay then testified the driver of the vehicle, later determined to be Jaimes, approached her squad car and told her she was having car trouble. Officer Clay called for back-up and followed Jaimes back to her car where she successfully started it.

Officer Clay testified she smelled alcohol coming from Jaimes's person and noticed that she had bloodshot, watery eyes. She asked Jaimes if she had

been drinking alcohol, and Jaimes said she had not. Officer Clay also noted Jaimes had slurred speech. Jaimes then admitted she drank alcoholic beverages earlier that day. Officer Clay then conducted field sobriety tests, which Jaimes apparently performed poorly; she was unable to follow instructions. Jaimes refused to take a preliminary breath test and refused the breath test at the jail.

Jaimes told Officer Clay and her back-up, Officer Sienkiewicz, she had not been driving; rather, she had been inside the bank with a "teller for about half an hour checking" her account balances. Neither officer observed another person in the area.

Jaimes was charged by trial information on July 6, 2015, and she made her initial appearance in open court on July 16.

On July 24, Jaimes appeared personally and without counsel before the court for arraignment. According to the arraignment order, the court entered a not guilty plea on her behalf and she did not waive her right to a speedy trial. Jaimes signed a separate court order purporting to waive her right to counsel. The order listed factors to be considered in the waiver. On August 20, the date set for pre-trial conference, Jaimes appeared personally without counsel and apparently confirmed her wish to proceed as her own counsel.[1] The court appointed standby counsel.

---

[1]We have been provided no record of the July 24 or August 20 court appearances. While the State asserts there was a colloquy with the court on July 24, it has not provided a record. *See State v. Cooley*, 608 N.W.2d 9, 14 (Iowa 2000) ("If the State has reason to believe that an off-the-record colloquy took place, it is free to rebut the defendant's assertions to the contrary, and to produce evidence to that end."). Jaimes argues the court failed to inquire of her mental competence on those dates, but she does

The case went to trial on September 14, 2015. Before trial began, Jaimes indicated to the court she did not feel capable of representing herself and was unprepared to do so due to some anxiety and depression issues. She had also failed to notify her witness to be in court. In response to the court's inquiry, Jaimes indicated she takes prescription medications for anxiety and depression and had been seeing a doctor for the preceding two years. Jaimes asked the court for a continuance, which the court denied, noting the presence of the jury and demand for speedy trial. Then, at the suggestion of the prosecutor, Jaimes opted for standby counsel to become her trial counsel. Having been appointed, counsel then asked the court for a continuance as she had never met with Jaimes prior to that day and was not prepared for trial. Counsel offered a waiver of speedy trial. The court denied counsel's motion.

Officers Clay and Sienkowitz testified for the State. Each was cross-examined by defense counsel regarding the effects of anxiety on the performance of field sobriety tests. Jaimes's motion for verdict of acquittal was denied. Jaimes then testified, admitting to having taken a shot of "Black Jack Daniel's" at about 4:00 or 5:00 p.m. the evening before the incident. Counsel was afforded an opportunity to look for Jaimes's witness, but he had not appeared. No offer of proof was made to indicate the content of his expected testimony.

A jury found Jaimes guilty. On December 10, Jaimes filed a motion for new trial, arguing the court's denial of counsel's motion for a continuance made

not appear to claim she informed the court of her anxiety or of any mental disorder on either date. Jaimes also fails to provide a record.

on the day of trial resulted in Jaimes's receiving an unfair trial due to counsel's lack of preparation. The State resisted, and the court denied the motion.

The court subsequently sentenced Jaimes to 365 days, with all but two days suspended, and gave her credit for time served.

Jaimes appeals.

## II. Standard of Review.

We apply a de novo review standard to the constitutional issues raised by Jaimes regarding her right of self-representation. *See State v. Cooley*, 608 N.W.2d 9, 13 (Iowa 2000).

Claims of ineffective assistance are reviewed de novo. *See Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016). We may decide ineffective-assistance-of-counsel claims on direct appeal if we find that the record is adequate. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

"We generally review a district court's denial of a motion for continuance for an abuse of discretion." *State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012) (citing *State v. Artzer*, 609 N.W.2d 526, 529 (Iowa 2000)). However, insofar as Jaimes asserts claims of constitutional error, our review is de novo. *Id.*

We also review the denial of a motion for new trial for an abuse of discretion. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006).

## III. Discussion.

### A. Waiver of Right to Counsel.

First, Jaimes contends her anxiety issues rendered her incompetent to represent herself at trial and the trial court erred by not conducting an inquiry into

her mental competency. She also maintains she did not waive her right to counsel knowingly and voluntarily.

At her arraignment on July 24, Jaimes signed a document that read:

> The Defendant understands that he/she is charged with the offense of 01-321J.2(2)(a)-OPERATING WHILE UNDER THE INFLUENCE 1ST OFFENSE which may be punished by a fine of up to $1250.00 or confinement up to 365 days or both fine and confinement.
> The Defendant understands that he/she has a right to have an attorney represent him/her in court and all proceedings in this case. The Defendant also understands that there are defenses to criminal charges that may not be known by laypersons.
> The Defendant understands that the court will appoint an attorney to represent him/her without cost or obligation if he/she cannot afford to retain their attorney.
> The Defendant understands that he/she does not have to have an attorney if he/she does not wish one, but may represent himself/herself in this court on these charges.
> Defendant understands that by waiving his/her right to an attorney, he/she will lose the opportunity to obtain an independent opinion on the wisdom of a guilty plea.
> The Defendant has read the above-printed rights and has had them explained to him/her and understands them.
> The Defendant does not want to be represented by an attorney, but wishes to represent himself/herself on the charge(s) set out above.
> The Defendant does not want the court to appoint an attorney.
> By signing this order, the Defendant voluntarily waives his/her right to be represented counsel on this 24th day of July, 2015.

The record does not contain the transcript of any colloquy between Jaimes and the district court. Jaimes seems to concede on appeal that the court asked her questions tracking the written order that she signed. She contends the questioning was inadequate but has failed to say in what respects she misunderstood her waiver.

"In a state criminal trial, a defendant has a Sixth and Fourteenth Amendment right under the United States Constitution to self-representation." *State v. Rater*, 568 N.W.2d 655, 658 (Iowa 1997) (quoting *Faretta v. California*, 422 U.S. 806, 806 (1975)). "Before the right attaches, the defendant must voluntarily elect to proceed without counsel by 'knowingly and intelligently' waiving his Sixth Amendment right to counsel." *Id.* "In addition, the defendant's request to proceed without counsel must be 'clear and unequivocal.'" *Id.* "Before a trial court accepts the request, the court must make the defendant 'aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" *Id.* (quoting *Adams v. United States*, 317 U.S. 269, 279 (1942)). "Competency to stand trial and competency to self-represent are governed by two different standards." *Indiana v. Edwards*, 554 U.S. 164, 175 (2008).

"The degree of inquiry necessary to assure a valid waiver varies with the nature of the offense and the ability of the accused to understand the process." *Hannah v. State*, 732 N.W.2d 45, 53 (Iowa 2007) (citation omitted).

> [Where] the offense is readily understood by laypersons and the penalty is not unduly severe, the duty of inquiry which is imposed upon the court is only that which is required to assure an awareness of right to counsel and a willingness to proceed without counsel in the face of such awareness.

*State v. Hindman*, 441 N.W.2d 770, 772 (Iowa 1989) (citations omitted).

"A serious and weighty duty has been imposed upon trial courts to determine whether a waiver [of counsel] is competent and intelligent." *Cooley*, 608 N.W.2d at 15 (citing *Von Moltke v. Gillies*, 332 U.S. 708, 723 (1948)). Our Supreme Court has said:

To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offense included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

[A] mere routine inquiry—the asking of several standard questions followed by the signing of a standard written waiver of counsel—may leave a judge entirely unaware of the facts essential to an informed decision that an accused has executed a valid waiver of his right to counsel. [T]his case shows that such routine inquiries may be inadequate although the Constitution 'does not require that under all circumstances counsel be forced upon a defendant.'"

*Id.* (alterations in original) (quoting *Von Moltke*, 332 U.S. at 724). The Supreme Court has not "prescribed any formula or script to be read to a defendant" in regards to the intelligence of waiving the right to counsel. *Iowa v. Tovar*, 541 U.S. 77, 87-88 (2004). The Supreme Court has held, "'[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances . . . .'" *United States v. Ruiz*, 536 U.S. 622, 629 (2002).

Jaimes and the State premise their respective arguments on different realities. Jaimes's claim imagines an arraignment with some questioning about her waiver of counsel. Her argument assumes the court failed to determine her understanding of her waiver, although she signed the document; she also

assumes the court somehow had information about her anxiety diagnosis. The State, on the other hand, states there was a colloquy that was sufficiently probing to assess Jaimes's competence and understanding of the difficulties inherent in self-representation. We have no record of the event whatsoever.

Here, Jaimes signed a waiver of her right to counsel wherein she acknowledged she understood she had the right to counsel, that she could proceed with an appointed attorney or pro se, and that some defenses available to her may not be known by laypersons. The document further indicates she had the rights explained to her, she understood them, and she chose to proceed pro se. There is no record of a colloquy conducted by the court at the time Jaimes signed the written waiver, nor at the following court appearance, and she does not now claim she informed the court of the anxiety she now insists rendered her waiver involuntary.[2] Without a record indicating the court was on notice of a potential competency claim, we have nothing to review. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005) (holding "[w]ithout the benefit of a full record of the lower court's proceedings, it is improvident for us to exercise appellate review."). We cannot speculate as to what occurred or predicate error on such speculation. *See id.* at 136.

Standby counsel became trial counsel on the day of trial, meaning Jaimes did not engage in self-representation. Although she contends she was denied counsel at other critical stages—like arraignment—Jaimes does not explain how she was affected at those stages. Thus, whatever waiver of right to counsel she

---

[2] While Jaimes points to parts of the record indicating her descriptions of anxiety and depression, none of those instances took place until the day of trial.

may have made in July 2015 was retracted at the September trial. Our court has previously held in a similar situation[3] that when the accused "abandoned his assertion of his right to self-representation" and "was fully represented by [counsel] throughout the course of the proceedings," "he was not deprived of his Sixth Amendment right to counsel." *State v. Page*, No. 14-1842, 2016 WL 719243, at *3 (Iowa Ct. App. Feb. 24, 2016). "[W]hile a defendant has a right to waive the assistance of counsel and conduct his own defense, if stand-by counsel is appointed, the defendant 'remains free . . . to elevate stand-by counsel to a lead counsel role.'" *State v. Rater,* 568 N.W.2d 655, 661 (Iowa 1997) (citation omitted).

We affirm on this issue.

**B. Ineffective Assistance of Counsel.**

Next, Jaimes argues her attorney was ineffective in fulfilling her duties as both standby counsel and as trial counsel. She argues counsel performed ineffectively by not preparing for trial as both standby and trial counsel; by not raising a suppression issue at a proper time; and by not having contacted or communicated with Jaimes prior to trial, resulting in Jaimes's unpreparedness for trial. Jaimes maintains we should grant her a new trial with an adequately-prepared counsel.

To prevail on her claim that counsel assisted ineffectively, Jaimes must show the "attorney's performance fell outside a normal range of competency and

---

[3] The defendant indicated he wanted to represent himself at his criminal trial and the court appointed standby counsel. *See Page*, 2016 WL 719243, at *3. On the day of trial, the defendant indicated he wanted standby counsel to take over the case as lead counsel. *See id.*

that the deficient performance so prejudiced [her] as to give rise to the reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) (citation omitted). However, both elements need not always be addressed because failure to prove either element is fatal to the claim. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Thus, if the defendant cannot show the conduct resulted in prejudice, the ineffective-assistance claim can be decided on that ground alone without determining whether the attorney performed deficiently. *See Strickland v. Washington*, 466 U.S. 668, 697 (1984) (stating there is no reason for a court considering an ineffective-assistance claim to consider both elements if the defendant cannot sufficiently show one element).

Upon our review, we find the record inadequate to address Jaimes's claims. Therefore, we preserve her ineffective-assistance claims for possible future postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding a claim of ineffective assistance of counsel must be preserved for postconviction relief proceedings if it cannot be addressed on appeal because of an inadequate record, regardless of the court's view of the potential viability of the claim).

## C. Denial of Continuance.

Jaimes also argues the trial court violated her rights under the Federal and Iowa Constitutions when it denied her request for a continuance on the day of trial. She contends the denial violated her due process rights and right to counsel. She urges us to grant her a new trial.

Iowa Rule of Criminal Procedure 2.9(2) governs a trial court's decision to grant or deny a motion for continuance. It provides that "[t]he date assigned for trial shall be considered firm. Motions for continuance are discouraged. A motion for continuance shall not be granted except upon a showing of good and compelling cause." Iowa R. Crim. P. 2.9(2). "The burden rests on the one seeking a continuance to show that 'substantial justice will be more nearly obtained' thereby." *State v. Ruesga*, 619 N.W.2d 377, 384 (Iowa 2000) (citation omitted). "The decision to grant or deny a motion for continuance rests in the sound discretion of the trial judge." *Artzer*, 609 N.W.2d at 530. "The abuse-of-discretion standard means 'we give a great deal of leeway to the trial judge who must make [a] judgment call.'" *State v. Richards*, 879 N.W .2d 140, 145 (Iowa 2016) (citation omitted). Even if an abuse occurred, "reversal will not be warranted if error was harmless." *Id.* (citation omitted). Nor will a court's ruling "be disturbed on appeal unless an injustice has resulted." *Artzer,* 609 N.W.2d at 530.

We recognize that in some situations granting continuances might be constitutionally required. Our supreme court has held, "It is clear that a defendant in a criminal case who goes to trial has been denied effective assistance of counsel if counsel is not given adequate opportunity to prepare for trial." *Clark*, 814 N.W.2d at 561 (citing *In re Orcutt*, 173 N.W.2d 66, 69 (Iowa 1969)). However, in those situations, counsel has not been given an opportunity to prepare because of a shortage of time, not because of counsel's failure to prepare. *See, e.g., Orcutt*, 173 N.W.2d at 70 (reversing the denial of a continuance where counsel was appointed three days before hearing and did not

meet with client until the day of the hearing). Furthermore, "whether in any case enough time has been afforded for consultation, investigation for witnesses and preparation of the law and facts depends upon the circumstances of the case including the complexity of the factual issues and the legal principles involved." *Id.* at 71.

Here, the court appointed standby counsel about three weeks before trial. The fact that neither Jaimes nor her counsel prepared for trial does not require the court to grant the continuance on constitutional grounds.

Jaimes knew the trial date almost two months in advance and knew the court had appointed her standby counsel about three weeks before trial. The record shows she wanted to represent herself in July 2015 for the September trial setting. Jaimes had ample opportunity to prepare for trial herself or enlist the services of standby counsel appointed for her.

Jaimes also claims her inability to continue with self-representation was due to her anxiety issues; however, Jaimes claims this condition had existed for the preceding three years. If Jaimes knew she would be unable to continue with self-representation, she could have brought that to the court's attention and elected to have standby counsel take over the case at a time much earlier than the day set for trial. Jaimes's delay in either preparing for trial herself or electing to have trial counsel is not "good and compelling cause" that would merit a continuance, and we find the court's denial of that request within its discretion.

Moreover, Jaimes cannot prove the court's denial of her motion for continuance caused her injustice. Jaimes's counsel argued to the court that additional time would have enabled her to better represent Jaimes by securing

the attendance of a witness and handling some evidentiary issues. However, it is unclear what information would have been gleaned from that evidence. Jaimes admitted to the court, "I haven't been prepared because I don't think it's fair that I have to be prepared for something I didn't do." Without a showing that injustice resulted because this information would have been helpful to Jaimes's defense, we will not reverse the district court's decision.

Therefore, we affirm on this issue.

**D. Denial of Motion for New Trial.**

Finally, Jaimes contends the trial court erred when it denied her motion for a new trial. She bases this claim on three grounds (1) she did not receive a fair trial because her due process rights and right to counsel were violated by the court's denial of her motion for continuance; (2) the ineffective assistance of counsel she received entitles her to a new trial; and (3) her ineffective waiver of her right to counsel entitles her to a new trial.

As a preliminary matter, in her motion and at the hearing, Jaimes only raised and argued one ground as the basis for new trial—that the court's denial of her motion for continuance resulted in an unfair trial. Because the other two grounds were not raised to and ruled on by the district court, we decline to address them here. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Iowa Rule of Criminal Procedure 2.24(2)(b)(9) permits defendants to move for a new trial when "the defendant has not received a fair and impartial trial." "Trial courts have considerable discretion in granting or denying motions for new

trial." *State v. Sheffey*, 234 N.W.2d 92, 98 (Iowa 1975). Here, Jaimes contends she did not receive a fair and impartial trial when the court denied her motion for continuance based on counsel's lack of preparedness.

In denying her motion at the hearing, the court stated:

> Any reason for continuance was something Ms. Jaimes tried to create. If she did not prepare that's a choice she can make, but she had time to prepare. If she didn't consult with an attorney that's a choice she could make, she could have done so. Waiting for the last minute and then changing one's mind is not an adequate reason to continue a trial. . . . I'm satisfied there was not a good reason to continue the trial then, and likewise, there is not now a good reason to grant a new trial.

On our abuse-of-discretion review, we find the district court did not abuse its discretion in denying Jaimes's motion for new trial. Having found the district court did not abuse its discretion in denying Jaimes's motion for a continuance and no constitutional constraint required its granting, we similarly find the district court did not abuse its discretion in denying Jaimes's motion for new trial.

We affirm on this issue.

Based on the foregoing, we affirm the district court.

**AFFIRMED.**